UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENNAN CHASE BEATY, et al.,

        Plaintiffs,
v.                                    Case No. 8:10-cv-1457-T-33MAP

MOUNIR K. COUNSUL, et al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant FDIC's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. # 37). Plaintiffs oppose the motion. (Doc. # 38). As explained below, the motion is due to be denied.

**I. Background**

Plaintiffs filed two lawsuits against Century Bank in state court in 2005 and 2006, which were later consolidated. On November 13, 2009, the Office of Thrift Supervision took possession of Century Bank and appointed the FDIC as Receiver.

Generally, under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), before a claimant can litigate its claims against an institution that is in federal receivership, the claimant must first exhaust their administrative remedies. The administrative process is set forth in 12 U.S.C. § 1821(d), which includes a requirement that the receiver provide notice to potential claimants of the

administrative process.

Specifically, 12 U.S.C. § 1821(d)(3) provides that the receiver must publish notice to the institution's potential creditors once a month for three months, **and** the receiver must mail such notice to all known creditors of the institution.  In November of 2009, the FDIC published the required notice, but it did not mail such notice directly to Plaintiffs at that time.

Thereafter, on April 13, 2010, the FDIC was substituted as a defendant in place of Century Bank in the consolidated case, and on June 29, 2010, the consolidated case was removed to this Court.  Eleven months after it was appointed as Receiver for Century Bank and six months after it was substituted as a defendant in the case, the FDIC notified Plaintiff Brennan Chase Beaty of the administrative process.  Specifically, on October 20, 2010, the FDIC sent a letter to Plaintiff Brennan Chase Beaty stating that if he had a claim against Century Bank, he needed to "submit the properly completed Proof of Claim Form and the supporting documentation to the Receiver on or before January 18, 2011."  (Doc. # 37, Ex. A).  On January 18, 2011, Plaintiff Brennan Chase Beaty mailed the requested documents to the FDIC. (Doc. # 38, Ex. A).  In response, on February 8, 2011, the FDIC disallowed his claim, stating that the claim was untimely because it was not received until January 24, 2011.  (Doc. # 38, Ex. B). Thereafter, on March 15, 2011, the FDIC filed the instant motion

2

to dismiss this case for lack of subject matter jurisdiction.

## II.  Motion to Dismiss

In the instant motion, the FDIC argues that this Court lacks subject matter jurisdiction over Plaintiffs' claim because they did not exhaust their administrative remedies.  Specifically, the FDIC argues that because Plaintiffs' claim documentation was not **received** by January 18, 2011 (the submission date that was set forth in the FDIC's October 20, 2010 letter), their claim was untimely, which means that they did not (and cannot now) exhaust their administrative remedies.  As explained below, the FDIC's argument is fatally flawed for several reasons.

First, the FDIC failed to timely provide Plaintiffs with the required mailed notice of the administrative process in November of 2009.  Since this lawsuit was pending against Century Bank at that time (and had been for several years), Plaintiffs were known creditors that were entitled to the statutorily required mailed notice of the administrative process.  See Damiano v. F.D.I.C., 104 F.3d 328, 331 n.2 (11th Cir. 1997)(stating that the plaintiff was a known creditor to the receiver due to her pending lawsuit and the substitution of the receiver therein).

Second, when a lawsuit against an institution is filed prior to the institution going into receivership, the plaintiff must exhaust their administrative remedies **only if** the receiver satisfies two conditions: (1) the receiver must insist on the use

3

of the administrative process by staying the lawsuit[1] and informing the plaintiff that the stay is for the purpose of allowing administrative exhaustion of their claim; and (2) the receiver must do so within ninety days after being appointed as the receiver. See id. at 335. Thus, 12 U.S.C. § 1821(d) "gives the receiver the right, but not the duty, to stay a pending action within the first ninety days of being appointed as a receiver." Id. at 334.

In this case, the FDIC did not insist on the use of the administrative process with respect to Plaintiffs' claim within the first ninety days after it was appointed as Receiver. Instead, the FDIC waited eleven months after it was appointed as Receiver for Century Bank (and six months after it was substituted as a defendant in the case) before it insisted that Plaintiff utilize the administrative process. By failing to act promptly, the FDIC's actions are deemed to be an election to forego the exhaustion requirement and proceed with the litigation. See id. at 335. Since this Court had subject matter jurisdiction over this case when it was removed to this Court, and since the FDIC elected to forego the exhaustion requirement for Plaintiffs' claim, this Court continues to have subject

---

[1] Pursuant to 12 U.S.C. § 1821(d)(12), after a receiver is appointed, it may seek a stay of up to ninety days in pending lawsuits in which it becomes a party, and the Court must grant the stay.

4

matter jurisdiction over this case.  See id. at 333.

Third, even if the FDIC could require that Plaintiffs use the administrative process when it sent the October 20, 2010 letter, the FDIC has not shown that Plaintiffs did not comply with the FDIC's instructions.  The FDIC stated in its October 20, 2010 letter that Plaintiff Brennan Chase Beaty was required to "submit" the requested documents by January 18, 2011.  He mailed the documents on January 18, 2011, and thus, he submitted them on that date.  While it appears that FDIC is now arguing that when it used the word "submit," it really meant that the documents must be "received" by January 18, 2011, the FDIC does not cite any case law to support its argument that such a construction is required.  Regardless, as previously stated, the FDIC waited too long to insist that Plaintiff Brennan Chase Beaty use the administrative process, and as such, the FDIC cannot take issue with Plaintiffs' attempted compliance.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant FDIC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 37) is **DENIED**.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 27th day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5

Copies to:

Counsel of Record